**Isabel Nohemi CANAS–QUINTERO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70798.

INS No. A70–818–520.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2000.

Decided Feb. 16, 2001.

As Corrected March 12, 2001.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, O'SCANNLAIN, and GOULD, Circuit Judges.

MEMORANDUM [*]

Isabel Nohemi Canas–Quintero ("Petitioner") petitions for review of her final order of deportation entered by the Board of Immigration Appeals ("BIA") on June 2, 1999. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Petitioner was served with an order to show cause ("OSC") on September 21, 1995—approximately six years and nine months after she entered the country. On June 12, 1996, the Immigration Judge denied Petitioner's application for suspension of deportation because she had failed to establish extreme hardship and thus was statutorily ineligible for suspension of deportation. On appeal, the BIA did not address the hardship issue because it determined that Petitioner had not accrued the requisite seven years of continuous physical presence before she was served with an OSC and thus was statutorily ineligible for suspension.

Petitioner contends that she was eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625 ("IIRIRA")—bars suspension in her case. Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, No. 99–70918 (9th Cir. filed Feb. 8, 2001).

PETITION DENIED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.